[Crim. No. 1943. First Appellate District, Division One.—March 31, 1937.]

THE PEOPLE, Respondent, v. MYRON BUTCHER, Appellant.

Victor Wells for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant was charged with robbery and a prior conviction of felony. He admitted the latter and was found guilty by a jury of the former. Motions for new trial and probation were denied, and subsequently a second motion for new trial was made and denied; whereupon defendant was sentenced to imprisonment in the state prison. From the judgment of conviction he took this appeal.

It appears from the evidence that about 8 o'clock on the night of January 23, 1936, two men drove up in an automobile in front of a Safeway store on the corner of Fifth Avenue and Fulton Street in San Francisco, and one of the men alighted. After talking with the other man for a moment, he reentered the automobile and they drove away. They were observed by the manager of the store and his assistant, who were working in the front of the store at the time. About ten minutes later the car returned and the men entered the store. At this time they were wearing masks partially covering their faces, and carrying pistols; and they compelled the store manager to turn over to them all of the cash in the store, which amounted to $135. Thereupon they ordered the employees into the back of the store, and fled. The following day one Jesse Lewis was arrested for the robbery of another Safeway store; and three days later defendant was taken into custody. He was found hiding in a closet in a hotel room. At first he denied having any connection with the robbery of the Fulton Street store, but when confronted by Lewis, who was in the hospital, wounded, he admitted participating in the robbery, and later at police headquarters made a complete written confession as to the circumstances under which it was committed. Furthermore, at the trial the store manager positively identified both men as being the robbers. Defendant did not take the witness stand. His defense was an alibi, but the witness by whom he sought to establish the alibi was not certain of the date.

The sufficiency of the evidence to support the conviction is not questioned, nor has defendant assigned any errors of law. It appears, however, according to defendant's brief, that at the time the appeal was taken there was a companion case pending trial, which defendant states he had hoped would

be brought to trial before the determination of this appeal so that he might take the stand in that case and disprove said confession. But manifestly the result of the companion case, whatever it might be, could have no effect on the judgment of conviction in the present case, against which defendant frankly concedes no valid grounds for reversal can be urged. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.